**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| JOE HICKINGBOTTOM, | DOCKET NUMBER |
|        Appellant, | SF-844E-24-0110-I-1 |
|    v. | |
| OFFICE OF PERSONNEL | DATE: March 2, 2026 |
|   MANAGEMENT, | |
|        Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

Leah Bachmeyer Kille, Esquire, Lexington, Kentucky, for the appellant.

James Mercier, Esquire, Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**REMAND ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying his application for disability retirement benefits under the Federal Employees' Retirement System (FERS). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed as a City Carrier Assistant with the U.S. Postal Service, a position not covered under FERS, when he suffered a workplace injury in May 2020. Initial Appeal File (IAF), Tab 4 at 44-45, Tab 7 at 269. Although it appears that he was initially able to work under accommodation, he did not return to work beginning July 1, 2020, and received temporary total disability benefits through the Office of Workers' Compensation Programs (OWCP). IAF, Tab 4 at 54, 58, Tab 7 at 4, 269. Effective May 8, 2021, the agency appointed him to the career position of City Carrier, which was subject to FERS, as an accommodation based on a medical opinion that he could perform the duties of that position. IAF, Tab 4 at 43-45, 56-57. However, the appellant believed that he was unable to perform the job duties and continued to receive OWCP benefits while in a Leave Without Pay (LWOP) status. *Id*. at 41, 56.

In March 2023, the appellant filed an application for disability retirement under FERS. IAF, Tab 4 at 29-40. OPM denied the appellant's application in an initial decision because he certified that he became disabled in May 2020, prior to his entry into FERS. *Id*. at 21, 36. Thus, OPM found that he did not meet the criteria for FERS disability retirement. *Id*. at 21. The appellant requested reconsideration, asserting that the date of injury was May 2020 for OWCP purposes, but he did not become fully disabled between late 2022-early 2023. *Id*. at 19. He explained that his condition had worsened since his injury and his treatment had become less effective. *Id*. On September 18, 2023, OPM issued a reconsideration decision, finding that the medical documentation supported disability prior to the appellant's entry into FERS, with little change in his conditions and no changes to his doctor-recommended work restrictions/limitations. *Id*. at 10. OPM also noted that the appellant entered an

LWOP status the same day he entered his FERS position and, therefore, no deductions had been made from his pay into FERS. *Id*. at 9.

In October 2023, the appellant filed a Board appeal of OPM's reconsideration decision. IAF, Tab 1. Following a status conference with the parties, the administrative judge issued an order identifying the following as the dispositive issue: whether the time spent by the appellant on LWOP while receiving OWCP benefits is creditable towards the requisite 18 months of creditable service to be eligible for disability retirement under FERS. IAF, Tab 5 at 1. The order stated that OPM agreed that the appellant met the other eligibility criteria for disability retirement and would likely rescind its decision and grant benefits if the administrative judge determined that the appellant had sufficient creditable service. *Id*. Following the parties' briefings on the issue, the administrative judge issued an order concluding that an individual may only receive service credit for such periods of leave if he has returned to duty. IAF, Tab 9 at 3. However, the appellant submitted arguments to the contrary. IAF, Tab 11. Both parties submitted additional pleadings, which remained focused on this question of creditable service. IAF, Tabs 12-15.

In an initial decision, the administrative judge affirmed OPM's reconsideration decision that the appellant was not entitled to FERS disability retirement benefits—but not based on the earlier-identified issue of creditable service. IAF, Tab 17, Initial Decision (ID).[2] Rather than address ongoing and unaddressed arguments about that issue, he determined that the appellant did not establish entitlement to disability retirement benefits because there was no dispute that a workplace injury in May 2020 rendered the appellant disabled, during which time he held a position that was not subject to FERS. ID at 3-4. He

---

[2] The appellant waived his right to a hearing after the administrative judge characterized the only disputed issue as the one involving the 18-month service credit requirement. *See* IAF, Tab 10 at 1. Thus, the initial decision was based upon the written record alone.

stated that, in light of this finding, he need not reach the issue of whether the appellant completed the requisite 18 months of creditable service.  ID at 4 n.2.

The appellant has filed a timely petition for review. Petition for Review. (PFR) File, Tab 1.  The agency has responded in opposition to review.  PFR File, Tab 2.

### DISCUSSION OF ARGUMENTS ON REVIEW

To qualify for a disability retirement annuity under FERS, an employee must prove by preponderant evidence that (1) he completed at least 18 months of civilian service creditable under FERS; (2) while employed in a position subject to FERS, he became disabled because of a medical condition, resulting in a service deficiency in performance, conduct, or attendance, or, if there is no such actual service deficiency, the disabling medical condition is incompatible with either useful and efficient service or retention in the position; (3) the disabling medical condition is expected to continue for at least 1 year from the date the disability retirement application is filed; (4) accommodation of the disabling medical condition in the position held is unreasonable; (5) he did not decline a reasonable offer of reassignment to a vacant position; and (6) the employee filed the application before or within a year after separating from federal service. 5 U.S.C. § 8451(a); *see Christopherson v. Office of Personnel Management*, 119 M.S.P.R. 635, ¶ 6 (2013); 5 C.F.R. §§ 844.103(a), 1201.56(b)(2)(ii).  All elements must be met to demonstrate eligibility for disability retirement benefits. 5 C.F.R. § 844.103.

The administrative judge found that the appellant did not meet criteria (2), i.e., that he became disabled while employed in a position subject to FERS, because there was "no dispute that a workplace injury in May 2020 rendered the appellant disabled" before he was placed in a FERS position.  ID at 3; *see* 5 C.F.R. § 844.103(a)(2).  However, in reaching this conclusion, the administrative judge seems to have overlooked key arguments by the appellant.

The appellant asserted to OPM in his reconsideration request that he did not become disabled under the law until sometime between late 2022 to early 2023, after the agency assigned him to a position subject to FERS. IAF, Tab 4 at 19. In his petition for review, he reasserts this claim, discusses his earlier-submitted medical evidence allegedly showing a decline in his condition in 2022-2023, and argues that the administrative judge erred by failing to consider this evidence in the initial decision. PFR File, Tab 1 at 17-18; *see* IAF, Tab 11 at 343-715. Under the circumstances, we find that the administrative judge erred by not addressing arguments and evidence concerning the date on which the appellant became disabled.

Furthermore, as the appellant highlights on review, the administrative judge's orders prior to the initial decision informed the parties that criteria (1), i.e., the requisite 18 months of creditable service, was the dispositive issue in the case; thus, the parties argued only that issue. IAF, Tabs 5-16; PFR File, Tab 1 at 5-7, 16. We find that the administrative judge's decision to then deny the appellant's appeal on an entirely different issue without warning also constituted an error.

For these reasons, we vacate the initial decision and remand this appeal for further adjudication.[3] On remand, the administrative judge should give both parties an opportunity to develop the record regarding each element underlying the appellant's FERS disability annuity claim. This includes affording the

---

[3] Within the appellant's petition for review and OPM's response, the parties continue to dispute whether the appellant is entitled to any service credit for the period in which he held a FERS position and, if so, how much. These arguments include ones concerning (1) whether the appellant was required to return to duty in order to receive service credit for the period in which he was on LWOP and collected OWCP benefits, (2) whether there is an applicable annual limit to the amount of service credit one can claim for such period, and (3) whether any claim for service credit is contingent upon an individual having contributed to FERS. *See, e.g.*, 5 U.S.C. §§ 8411(b), (d); 5 C.F.R. § 842.304(a)(4), 844.103(a)(1); OPM Handbook (available at https://www.opm.gov/retirement-center/publications-forms/csrsfers-handbook/c020.pdf). At this time, we will not resolve these legal questions, but the parties may present them for the administrative judge to decide in the first instance.

appellant a hearing, if the appellant desires one. The administrative judge should conclude by issuing a remand initial decision that identifies all material issues of fact and law, summarizes the evidence, resolves issues of credibility, and includes conclusions of law and legal reasoning, as well as the authorities on which that reasoning rests. *Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980).

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:      _____
                                           Gina K. Grippando
                                           Clerk of the Board

Washington, D.C.